IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 4:15-CV-149 |
| ) v. ) ) | COMPLAINT |
| ZALE DELAWARE, INC. d/b/a ) PIERCING PAGODA, ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Rose Gravel ("Gravel") who was adversely affected by such practices. Specifically, as alleged with greater particularity in the paragraphs below, Defendant Zale Delaware, Inc. d/b/a Piercing Pagoda ("Defendant") failed to provide Gravel with a reasonable accommodation and subsequently terminated her employment because of her disability, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3).

4. At all relevant times, Defendant, has continuously been a Delaware corporation doing business in the State of North Carolina and the City of Greenville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Gravel filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. On or about July 1, 2013, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 28, 2013, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. As more fully described herein, beginning on or about April 29, 2013, Defendant engaged in unlawful employment practices at one of Defendant's kiosk locations in Greenville, North Carolina in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112, by failing to provide Gravel with a reasonable accommodation and terminating her employment because of her disability, in violation of the ADA.

14. Beginning on or about May 21, 2010, Defendant employed Gravel as a Manager at a kiosk located in a mall in Greenville, North Carolina. The kiosk where Gravel worked sold jewelry and provided piercing services for customers.

15. At all relevant times, Gravel was qualified to perform the essential functions of her job as Manager, and performed her duties at a level that met Defendant's legitimate

expectations. As Manager, Gravel scheduled employees for work, conducted inventory, and performed administrative functions for the location, while also selling jewelry and providing piercing services for customers.

16. During all times relevant to this complaint, Gravel had an actual disability as defined by the ADA. Specifically, Gravel had, and has, degenerative disc disease and fibromyalgia with chronic pain. Gravel's impairments substantially limit her ability to stand and walk, among other things. Gravel's fibromyalgia also substantially limits her major life activity of proper neurological function.

17. During Gravel's employment, Defendant required employees working in its kiosks to stand at all times, including during any break spent within the kiosk area.

18. From on or about March 7, 2013 through on or about April 26, 2013, Gravel was on medical leave in connection with her disability. On or about April 26, 2013, Gravel notified Defendant she had been cleared by her physician to return to work, on the condition that she be allowed to sit for at least fifteen (15) minutes of each hour in the course of performing her duties. The restrictions ordered by Gravel's physician are permanent and Gravel advised Defendant the restrictions were permanent.

19. On or about April 29, 2013, Defendant informed Gravel that she could return to work. However, on or about May 3, 2013, Defendant notified Gravel that it would not accommodate her physician-imposed limitation of sitting for at least 15 minutes of each hour. Thereafter, Defendant placed Gravel on unpaid leave.

20. Defendant failed to engage in an interactive process with Gravel to determine whether it could provide a reasonable accommodation for Gravel. Consequently, Defendant terminated Gravel's employment effective June 3, 2013.

21. Defendant failed to provide Gravel a reasonable accommodation in violation of the ADA. Defendant also discharged Gravel because of her disability, in violation of the ADA.

22. The effect of the practices complained of above have been to deprive Gravel of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Gravel.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to accommodate employees and applicants who, because of their disabilities, must perform some or all of their work from a seated posture.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Rose Gravel, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Rose Gavel.

D. Order Defendant to make whole Rose Gravel by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Rose Gravel by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Rose Gravel punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

   s/Lynette A. Barnes
LYNETTE A. BARNES
NC Bar No. 19732
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/     Amy E. Garber
AMY E. GARBER
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Telephone:     (757) 441-3134
Facsimile:      (757) 441-6720
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**